93 So.2d 108 (1957)
Frances O. WARRINER, Appellant,
v.
BURDINES, Inc., a Florida corporation, George E. Whitten, Horace F. Cordes, each individually and as officers, agents, employees and servants of the said defendant corporation, and all jointly and severally, Appellees.
Supreme Court of Florida. Special Division B.
January 4, 1957.
Rehearing Denied February 14, 1957.
Frances O. Warriner, in pro. per., for appellant.
Dixon, DeJarnette, Bradford & Williams and Warren D. Hamann, Miami, for appellees.
THOMAS, Justice.
A summary judgment in favor of the appellees, who were defendants in the circuit court, was entered by the judge when he concluded that no genuine issue of fact was presented and that the movants should prevail as a matter of law.
In her complaint the appellant averred that she was maliciously prosecuted when the appellees, acting in concert, caused her arrest and induced the County Solicitor *109 of Dade County to file an information in which she was charged with grand larceny, a charge the appellees knew was false. The pleader detailed the procedure following the filing of the information, related the embarrassment she endured and the damage she suffered, and she repeated the charge that the prosecution was instigated through malice without probable cause.
It was stated in the complaint that she pleaded not guilty upon arraignment, waived a jury and was found not guilty by the Judge of the Criminal Court of Record.
Appellant's claim, as it is reflected in the complaint, is more apparent than real for she presented but half the transaction by which she was so sorely aggrieved. From the pleadings, court records, and admissions furnished by her in response to appellees' request for them, it is plain that two charges were preferred against her and that the proceedings beginning with her detention and culminating in the trial were fairly common to both, except for the verdicts. True, she was found not guilty of grand larceny but she was convicted of petit larceny. In one information both offenses were set out, grand larceny in one count and petit larceny in another. In the first she was charged with theft of a sweater, a skillet, a percolator and a cigarette lighter; in the second she was charged with stealing a sweater.
Having been haled into court on these related charges, formally made in one information, which were tried at the same time and resolved in the same finding of the trial court, we think she may not now for the purpose of suing appellees isolate one count and base an action for malicious prosecution upon it, even though she was found innocent of it, for at the same time she was found guilty of its companion. Wingersky v. E.E. Gray Co., 254 Mass. 198, 150 N.E. 164.
In order to recover it would be necessary for the appellant to prove (1) instigation of the prosecution by the appellees, (2) termination in favor of the appellant, (3) malice on the part of the appellees, (4) want of probable cause, and (5) damage. Glass v. Parrish, Fla., 51 So.2d 717. There is no occasion for this court to treat of any of these elements save the second. It is clearly shown in the record that she was found guilty of petit larceny, was adjudged guilty of that offense, was subsequently sentenced to pay a fine and to a term in jail upon her default. Moreover, she appealed to the circuit court and that court affirmed the judgment. So, then, the appellant had been subjected to one prosecution which, both upon trial and appeal, had terminated to her disadvantage. This not only precluded proof of one of the indispensable elements but also indicated absence of malice and presence of probable cause.
When we measure the circumstances by the rule recognized in the cited case, Glass v. Parrish, supra, we come quickly to the view that the circuit judge was correct when he decided that no genuine issue of fact required the intervention of a jury and that the coup de grace should be early administered to the litigation.
It would not have been improper for the court to have required the appellees to set out in an answer the conviction of the appellant of the offense of petit larceny, which she chose to ignore, the while she was suing for damages resulting from malicious prosecution of the allied charge of grand larceny, but in view of the disclosures she made, and provisions of 30 F.S.A. Rule 1.36(b), Florida Rules of Civil Procedure, that a motion for summary judgment may be made at any time and, in paragraph (c), that it shall be granted if the "pleadings, depositions and admissions on file * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment * * * as a matter of law," the action which should not have been brought, and which appellees should not have been *110 put to the expense of defending, was correctly, summarily ended.
Affirmed.
DREW, C.J., ROBERTS, J., and LOPEZ, Associate Justice, concur.