JONATHAN M. KELLER ET AL. *v.* ROZ-LYNN
BECKENSTEIN, EXECUTRIX (ESTATE OF
ROBERT J. BECKENSTEIN)
(AC 30436)

DiPentima, Harper and Lavine, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 7, 2009—officially released July 13, 2010

*Richard P. Weinstein*, with whom was *Nathan A. Schatz*, for the appellants (plaintiffs).

*Michael P. Berman*, with whom was *Suzanne LaPlante*, for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiffs Jonathan M. Keller and a group of business entities[1] (collectively, the Keller group) appeal from the judgment of the trial court granting the motion of the defendant, Roz-Lynn Beckenstein, in her capacity as executrix of the estate of Robert J. Beckenstein, to dismiss the Keller group's complaint sounding in vexatious litigation as unripe for adjudication. We conclude that the court correctly determined that the Keller group's action was not ripe for adjudication *at the time the action was commenced.* Due to events that have occurred during the pendency of the Keller group's appeal, however, there is now a question as to whether the Keller group's claim is still not ripe for adjudication on the grounds relied on by the court. Accordingly, we vacate the judgment of the trial court and remand the case with direction to reconsider the

---

[1] In addition to Keller, the plaintiffs include Fremont Group, LLC; Fremont 155, LLC; Fremont 131, LLC; Fremont 183, LLC; Fremont Riverview, LLC; Fremont Prestige Park, LLC; and 654 Tolland Street, LLC.

motion to dismiss and to proceed in accordance with law.

The procedural history reveals that the parties have been involved in various litigation for a number of years. Previously, entities associated with the defendant (Beckenstein group)[2] sued the Keller group, alleging tortious interference with contractual relations. That action was tried to a jury, which returned a verdict in favor of the Keller group. The Beckenstein group appealed from that judgment to this court, the Keller group again prevailed, and our Supreme Court declined to review the decision of this court. *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, 115 Conn. App. 680, 974 A.2d 764, cert. denied, 293 Conn. 916, 979 A.2d 488 (2009).

On April 27, 2007, the Keller group filed a complaint against, inter alios, the defendant in which it sought damages for vexatious litigation stemming from *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680. The trial court concluded that, because the Beckenstein group's appeal in that case was still pending before this court, the underlying allegedly vexatious litigation had not yet terminated in the Keller group's favor and its claim was not ripe for adjudication. Accordingly, the court dismissed the Keller group's action for lack of subject matter jurisdiction. The Keller group took no appeal from the court's judgment of dismissal.

On April 11, 2008, while *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680, was *still* pending before this court, the Keller group filed a new action in the Superior Court. The Keller

---

[2] The Beckenstein group consists of Beckenstein Enterprises-Prestige Park, LLC; 155 Realty; Riverview Square, LLC; Riverview Square II, LLC; and Tolland Enterprises.

group once again sought damages for vexatious litigation stemming from *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680. In its complaint, the Keller group alleged that it had filed a notice of claim with the estate of Robert J. Beckenstein in the West Hartford Probate Court regarding the allegedly vexatious nature of *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680. The Keller group asserted that this claim was rejected by the defendant on January 9, 2008. The Keller group argued that a statute of limitation contained in General Statutes § 45a-363 required it to either file suit in Superior Court within 120 days of the defendant's rejection of its claim or risk being time barred from seeking relief.[3]

On May 15, 2008, the Keller group requested that the Superior Court stay its action until such time as *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680, was decided by this court. On May 22, 2008, the defendant filed a motion to dismiss the Keller group's action. On September 30, 2008, the court granted the motion to dismiss. The court concluded that the statutory limitation on the time period in which a plaintiff may pursue a claim in the Superior Court following a rejection of such claim by an estate "[does not imbue] [the Superior Court] with jurisdiction it does not otherwise have." As such, because *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680, still had not been decided by this court, the trial court determined that the matter was not ripe for adjudication. Accordingly, the court once

---

[3] General Statutes § 45a-363 (b) provides in relevant part: "Unless a person whose claim [against a decedent] has been rejected (1) commences suit *within one hundred twenty days from the date of the rejection of his claim, in whole or in part* . . . he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected. . . ." (Emphasis added.)

again concluded that it lacked subject matter jurisdiction over the Keller group's claims. It is from this judgment of dismissal that the Keller group now appeals.

On appeal, the Keller group claims that the court improperly granted the defendant's motion to dismiss. We disagree. The court correctly determined that, as of the time of its ruling, the Keller group's claim was not ripe for adjudication. We are unable, however, to grant the defendant her requested relief, namely, affirmance of the trial court's judgment, because it appears that the Beckenstein group has exhausted its appeals in *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680. Accordingly, there is a question as to whether the Keller group's claim is still not ripe for adjudication on the basis relied on by the court.

I

We first address the court's determination that it lacked subject matter jurisdiction over the Keller group's action because its claims were not yet ripe for adjudication. We conclude that, given the situation existing at the time of the court's determination, the court properly ruled that the Keller group's claims were not ripe and that it therefore lacked jurisdiction over the matter.

We begin by setting forth our standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Bacon Construction Co.* v. *Dept. of Public Works*, 294 Conn. 695, 706, 987 A.2d 348 (2010). "A motion to dismiss tests . . . whether, on the face of the record, the court is

without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *State* v. *Marsh & McClennan Cos.*, 286 Conn. 454, 463–64, 944 A.2d 315 (2008). "Ripeness is a justiciability doctrine, which implicates the court's subject matter jurisdiction." *Bloom* v. *Miklovich*, 111 Conn. App. 323, 336, 958 A.2d 1283 (2008). Accordingly, our review is plenary, and we must decide whether the trial court's conclusions were legally and logically correct and find support in the facts that appear in the record. See id.

As the defendant and the trial court correctly note, the rationale of the ripeness doctrine is "to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." (Internal quotation marks omitted.) *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 144, 788 A.2d 1158 (2002). Thus, a court must be satisfied that the case before it "does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 626, 822 A.2d 196 (2003). The requirements for maintaining a suit for vexatious litigation are well established. "A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause,

malice and *a termination of suit in the plaintiff's favor*." (Emphasis added.) *Vandersluis* v. *Weil*, 176 Conn. 353, 356, 407 A.2d 982 (1978). Thus, for a vexatious litigation claim to be ripe for adjudication, the party must allege, among other facts, that the allegedly vexatious litigation has terminated in its favor. Cf. id.

It is uncontested that, at the time the Keller group initiated its action for vexatious litigation against the defendant, the underlying litigation on which its claim was founded, having been appealed to this court by the Beckenstein group, had yet to terminate in the Keller group's favor. Indeed, the Keller group concedes that "the usual application of the 'ripeness' doctrine will lead to the conclusion that a court lacks subject matter jurisdiction over a 'premature' claim." The Keller group, however, posits that the court should have ruled that it was able to overcome this jurisdictional deficiency because "suit upon a claim that has been rejected by the fiduciary of an estate is expressly authorized by General Statutes § 45a-363." Section 45a-363 (b) provides in relevant part: "Unless a person whose claim [against a decedent] has been rejected (1) commences suit within one hundred twenty days from the date of the rejection of his claim, in whole or in part . . . he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected. . . ." The Keller group argues that "because the defendant rejected the claim [of the Keller group] on January 9, 2008, the [Keller group is] authorized by [§ 45a-363 (b)] to bring suit upon the rejected claim." We disagree.

This court has held that "[t]he purpose of [§ 45a-363] is to encourage the timely settlement of decedents' estates. [Section] 45a-363 is *purely procedural in nature*, governing the time within which to file a suit against an estate when a claim has been rejected by an

executor or administrator." (Emphasis added; internal quotation marks omitted.) *Kubish* v. *Zega*, 61 Conn. App. 608, 620, 767 A.2d 148, cert. denied, 255 Conn. 949, 769 A.2d 62 (2001). The Keller group's argument, therefore, fails because § 45a-363 only sets a procedural limit on the time in which a party may pursue a cause of action stemming from a claim that was rejected by an estate; the statute does not independently create a cause of action or confer jurisdiction on the Superior Court and, therefore, does not obviate the need for a plaintiff to plead a recognized cause of action over which the court has jurisdiction. In other words, an estate's rejection of a party's claim does not create a cause of action on which a plaintiff may proceed in the Superior Court. Section 45a-363 (b) simply limits the period of time in which a plaintiff may pursue a cause of action over which the Superior Court would otherwise have jurisdiction. Accordingly, the court properly granted the defendant's motion to dismiss.[4]

---

[4] The Keller group claims, in the alternative, that the court should have granted its motion for a stay and awaited the outcome of the Beckenstein group's appeal in *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680. The Keller group argues that this would have been the proper course of action because, had it waited to file its vexatious lawsuit until the determination of the Beckenstein group's appeal, it would have exceeded the 120 day time limit set forth in § 45a-363 (b). This being the case, the Keller group claims, the court should have stayed determination of its subject matter jurisdiction until the final resolution of *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680. We disagree.

"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . As a result, [a] trial court [is] required to address [a] jurisdictional challenge before ruling on other motions and, once it [decides] that it [lacks] subject matter jurisdiction, it [is] bound and required to dismiss the [claim at issue]." (Internal quotation marks omitted.) *Sosin* v. *Scinto*, 57 Conn. App. 581, 588, 750 A.2d 478 (2000). Accordingly, the court could not have addressed the Keller group's motion for a stay, as it properly had determined that it had no jurisdiction over the matter.

## II

Typically, having concluded that the court properly determined that it lacked subject matter jurisdiction over the matter, we simply would affirm the judgment of the court. A case decided by our Supreme Court, however, instructs us that in reviewing the ripeness of a claim we must evaluate the situation as it stands now, not at the time the matter was before the trial court. In *Labbe* v. *Pension Commission*, 239 Conn. 168, 682 A.2d 490 (1996), a group of police officers brought an action against the city of Hartford and its pension commission to enjoin them from denying the plaintiffs credit for their military service in calculating pension benefits. The city and the commission argued that the appeal against them by one of the plaintiffs, Eddie M. Rivera, should have been dismissed because, at the time the complaint was filed, he was not eligible to retire. Id., 184. Although the Supreme Court agreed that there was a question as to whether Rivera's claim was ripe at the time his action was filed, it concluded that because "ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the . . . decision [under review] that must govern." (Internal quotation marks omitted.) Id. Accordingly, the court concluded that because Rivera's pension benefits had vested during the pendency of the appeal, meaning that he had served long enough to be eligible to receive pension benefits, his claim was ripe for adjudication and evaluated it on its merits. Id., 184–85.

In the present case, during the interval between the trial court's dismissal of the Keller group's complaint and oral argument before this court, certain events transpired that directly affect the ripeness of the Keller group's claim. On October 24, 2008, *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 680, the underlying allegedly vexatious litigation,

was argued before the Appellate Court. We take judicial notice that on July 21, 2009, the Appellate Court affirmed the judgment in favor of the Keller group; *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller,* supra, 683; and our Supreme Court has declined to review that decision. *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller,* 293 Conn. 916, 979 A.2d 488 (2009).

We see no reason not to follow the rule, set forth in *Labbe,* that it is the situation now rather than the situation at the time the matter was before the trial court that must govern our review of the ripeness of a claim. In *Labbe,* at the time Rivera filed his action, there was a chance that his pension benefits would never vest. Because, however, his pension benefits had vested by the time the case was appealed, the court ruled that his claim was ripe for review. *Labbe* v. *Pension Commission,* supra, 239 Conn. 185. Likewise, in the present case, at the time of the trial court's ruling, there was a chance that the underlying allegedly vexatious litigation, having been appealed, would never terminate in favor of the Keller group. Now that the Beckenstein group has exhausted its appeals of the trial court's judgment in *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller,* there is a question as to whether the Keller group's complaint is still unripe for adjudication on the grounds relied on by the court in its decision dismissing the complaint.

The judgment is vacated and the case is remanded with direction to reconsider the defendant's motion to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.