******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICHARD SCALISE ET AL. *v.* EAST
GREYROCK, LLC, ET AL.
(AC 35323)

Alvord, Sheldon and Pellegrino, Js.

*Argued November 14, 2013—officially released February 11, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Peck, J.)

*Kirk D. Tavtigian, Jr.*, for the appellants (plaintiffs).

*Elizabeth M. Cristofaro*, with whom, on the brief,
were *Lila M. McKinley* and *Jennifer Katz*, for the appel-
lees (defendants).

*Opinion*

SHELDON, J. The plaintiffs, Richard Scalise and Eleanor Mihailidis, appeal from the judgment of the trial court granting the motion of the defendants, East Greyrock, LLC, Greyrock at Oysterbend, LLC, and Jerry Effren, both as trustee and in his individual capacity, to dismiss the plaintiffs' vexatious litigation complaint on the ground that it is unripe for adjudication. The plaintiffs argue on appeal that their vexatious litigation action is ripe for adjudication despite the fact that several counts of the complaint in the underlying action remain pending, now as when this action was commenced, because the favorable termination requirement has been satisfied as to several of the underlying claims upon which the present action is based. We disagree with the plaintiffs and thus affirm the judgment of the court.

The following facts and procedural history are relevant to our resolution of this appeal. In 2004, the defendants, with the exception of Jerry Effren in his individual capacity, commenced an action against the plaintiffs and filed an eighteen count[1] complaint in connection with the plaintiffs' sale to them of a property that the defendants claimed had been environmentally contaminated (underlying action).[2] Before the start of trial in the underlying action, the parties entered into an agreement to arbitrate certain claims and to bifurcate the proceedings into separate liability and damages phases, with the arbitrator to hear the liability phase and the court to hear the damages phase.[3] Those claims were subsequently arbitrated and the arbitrator found for the plaintiffs on all but three claims and also found count seventeen to be nonjusticiable. On October 6, 2009, the plaintiffs moved to confirm those arbitration findings in their favor as well as to modify or vacate those with which the arbitrator found against them. On August 2, 2010, the court remanded the case back to the arbitrator for further proceedings or consideration of certain issues identified by the court that it believed the arbitrator had failed to address.[4] Thereafter, the plaintiffs moved for reargument of the motion to vacate, modify and correct the arbitrator's award, raising as an additional ground that the award was insufficient. On December 1, 2011, the court granted the motion in part and remanded the case back to the arbitrator.[5] Since that time, no order has been issued by the court confirming or vacating any supplemental award of the arbitrator, nor has any such award been issued by the arbitrator, nor has the damages phase of the case been scheduled by the court.

The plaintiffs brought the present vexatious litigation action in 2011. The defendants filed motions to dismiss on June 14, 2012, arguing that the plaintiffs' vexatious litigation claim was not yet ripe for adjudication because the underlying action was still pending, the

plaintiffs' claims had not yet terminated in their favor, and thus that the court lacked jurisdiction to hear the claim.[6] The court granted the defendants' motions to dismiss on January 4, 2013.[7] This appeal followed.

We first address the issue of ripeness and the court's determination that it lacked subject matter jurisdiction over the plaintiffs' action because their claims were not yet ripe for adjudication. We conclude that the court ruled properly that the plaintiffs' claims were not ripe and that it therefore lacked jurisdiction over the action.

"[I]t is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . . When reviewing an issue of subject matter jurisdiction on appeal, [w]e have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Citations omitted; internal quotation marks omitted.) *Keller* v. *Beckenstein*, 305 Conn. 523, 531–32, 46 A.3d 102 (2012). Further, "[t]his court does not have jurisdiction to resolve a controversy that is not ripe for adjudication." *Bloom* v. *Miklovich*, 111 Conn. App. 323, 336, 958 A.2d 1283 (2008).

"The cause of action for vexatious litigation permits a party who has been wrongfully sued to recover damages. . . . In Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. Both the common law and statutory causes of action [require] proof that a civil action has been prosecuted. . . . Additionally, to establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . The statutory cause of action for vexatious litigation exists under [General Statutes] § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages." (Internal quotation marks omitted.) *Spilke* v. *Wicklow*, 138 Conn. App. 251, 259, 53 A.3d 245 (2012), cert. denied, 307 Conn. 945, 60 A.3d 737 (2013).

Further, "[a] condition precedent to the institution of an action for vexatious litigation is that the original action has terminated unsuccessfully. As our Supreme Court explained, [w]e have held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor.

. . . In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor." (Emphasis omitted; internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 542, 955 A.2d 667 (2008). "Thus, for a vexatious litigation claim to be ripe for adjudication, the party must allege, among other facts, that the allegedly vexatious litigation has terminated in its favor." *Keller* v. *Beckenstein*, 122 Conn. App. 438, 444, 998 A.2d 838 (2010), rev'd on other grounds, 305 Conn. 523, 46 A.3d 102 (2012). "This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." (Citation omitted; internal quotation marks omitted.) *Zeller* v. *Consolini*, 235 Conn. 417, 424, 667 A.2d 64 (1995).

We conclude that the underlying litigation upon which the plaintiffs' vexatious litigation claim is founded has yet to terminate fully in their favor. The liability phase of the underlying action remains ongoing as the court has remanded the action back to the arbitrator for additional findings as to the plaintiffs' special defenses, and the damages phase has yet to take place. Further, because not all of the counts directed against the plaintiffs were adjudicated by the arbitrator and confirmed by the court, the underlying litigation is still subject to the possibility of appeal.[8] In addition, there is no dispute that count seventeen of the underlying complaint, which alleges that the other corporate entities sued in the underlying action were dissolved and the plaintiffs were derivatively liable as shareholders at the time of the dissolution for any liability of the corporations, remains pending as the arbitrator has yet to clarify his previous decision as to that count.[9]

The plaintiffs argue that because some of the claims in the underlying action have been terminated in their favor, they properly may proceed with their vexatious litigation action as to those counts even though the underlying litigation remains pending as to certain other counts. There is no legal authority in our jurisprudence, however, to support such a proposition.[10] Granting the plaintiffs permission to prosecute this action in these circumstances would undermine the purpose of the favorable termination requirement, which our Supreme Court has noted, "serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." *Zeller* v. *Consolini*, supra, 235 Conn. 424. "Two concerns underlie the requirement of 'successful termination.' The first is the danger of inconsistent judgments if defendants use a vexatious suit or malicious prosecution action as a means of making a collateral attack on the judgment

against them or as a counterattack to an ongoing proceeding. . . . The second is the unspoken distaste for rewarding a . . . 'guilty' party with damages in the event that the party who instituted the proceeding did not at that time have probable cause to do so." (Citations omitted.) *DeLaurentis* v. *New Haven*, 220 Conn. 225, 251–52, 597 A.2d 807 (1991). "The question we must resolve, then, is whether the [termination of the prior action] implicates either of these concerns." *Bhatia* v. *Debek*, 287 Conn. 397, 410, 948 A.2d 1009 (2008).

Here, if the plaintiffs were permitted to proceed with their vexatious litigation claim without first satisfying the favorable termination requirement on all of the claims raised in the underlying action, both of these concerns would be implicated. The plaintiffs candidly concede that the "defendants are not barred from taking further action in the underlying lawsuit regarding the court's granting of the motion to strike counts five and thirteen and entering summary judgment as to count ten, because these counts were not adjudicated by the arbitrator, and therefore defendants' ability to challenge the court's ruling on appeal is not barred by defendants' failure to file a motion to vacate." There is no dispute that the underlying counts one, two, three, six, seven, eight, nine, eleven, twelve, fourteen, fifteen, sixteen, and eighteen have terminated in favor of the plaintiffs. This fact, however, does not permit the plaintiffs to proceed with their vexatious litigation action without a final termination in their favor with respect to counts five, ten, thirteen, and seventeen, all of which still remain pending. To permit the plaintiffs to do so would vitiate the purpose of the favorable termination requirement.

Because the underlying action has not fully terminated in favor of the plaintiffs, as counts five, ten, thirteen, and seventeen remain pending, the plaintiffs are barred from bringing their vexatious litigation action until such time as all counts of the underlying action have terminated fully in their favor. Accordingly, the court properly granted the defendants' motions to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The underlying action consisted of the following eighteen counts: fraudulent misrepresentation (count one); fraudulent nondisclosure (count two); negligent misrepresentation (count three); violations of the Connecticut Transfer of Establishments Act under General Statutes § 22a-134 (counts four and five); violation of the Connecticut Unfair Trade Practices Act under General Statutes § 42-110 et seq. (count six); violation of the Water Pollution Control Act under General Statutes § 22a-452 (count seven); common-law indemnification (count eight); private nuisance (count nine); wanton, willful, and reckless misconduct (count ten); negligence (count eleven); statutory negligence per se (count twelve); abnormally dangerous or ultra-hazardous activities (count thirteen); violation of the Common Interest Ownership Act under General Statutes § 47-264 (count fourteen); violation of the Common Interest Ownership Act under General Statutes § 47-265 (count fifteen); piercing the corporate veil (count sixteen); recoupment of distributions of a dissolved corporation under General Statutes § 33-887 (count seventeen);

and constructive trust (count eighteen). With the exception of count four, which was asserted only as to nonparties to the present action, each count was asserted against either Scalise, Mihailidis, or both.

[2] On October 6, 2004, the underlying complaint was brought by the defendants, with the exception of Effren in his individual capacity, against the plaintiffs in the present action and against the nonparties OBC Associates, Inc., R&G Industries, Inc., Dickmont Realty Associates, and Donald Scalise. In the underlying action, the defendants alleged that the plaintiffs made negligent and fraudulent misrepresentations concerning the environmental condition of the property purchased by the defendants and that the defendants were damaged as a result. On October 21, 2005, the plaintiffs filed a motion to strike several of the defendants' claims, including counts one, two, five, six, ten, eleven, thirteen, fourteen, and fifteen. The court granted the motion to strike with respect to counts five, ten, and thirteen. Subsequently, the defendants filed an amended complaint on February 22, 2006, in which they repleaded their recklessness claim (count ten), but permitted judgment to enter with respect to counts five and eight, noting that they reserved the right to appeal the court's ruling striking those counts. On November 15, 2007, the plaintiffs moved for summary judgment as to several counts, including the defendants' repleaded recklessness count ten. On September 4, 2008, the court granted the plaintiffs' motion only as to the defendants' recklessness count ten.

[3] According to the arbitration agreement, the liability phase was to be adjudicated first by the arbitrator and only questions of law would be reviewable by the court. The agreement further provided that the damages phase would be tried by the court or a jury, but not by the arbitrator.

[4] The court stated that the arbitrator, in consultation with counsel for all parties, should decide on the form of these further proceedings and that upon receipt of the arbitrator's supplemental report or finding, the court would enter rulings on the parties' motion to confirm or vacate the award. The court also noted confusion over the arbitrator's decision as to count seventeen, which the arbitrator dismissed on the basis of his finding that this claim for the recoupment of distributions of a dissolved corporation was more appropriate for the damages phase of the proceeding, and the court remanded that issue back to the arbitrator.

[5] The arbitrator's decision with respect to count seventeen was included in the court's renewed order for remand.

[6] The trial court consolidated the present vexatious litigation action with a second vexatious litigation action commenced by the plaintiffs against Cummings & Lockwood, LLC, stemming from the same underlying action. Cummings & Lockwood, LLC, also moved to dismiss on the same grounds on February 7, 2013.

[7] On March 4, 2013, the court also granted the motion to dismiss filed by Cummings & Lockwood, LLC. We also decide the plaintiffs' appeal from that judgment today. See *Scalise* v. *Cummings & Lockwood, LLC*, 148 Conn. App. 185, A.3d (2014).

[8] The defendants preserved their right to appeal counts five and eight, which were struck by the court prior to arbitration. In addition, the possibility for appeal remains open as to both the decision on damages that has yet to be adjudicated as well as the arbitrator and the court's final findings as to the liability aspect of the claim. Both parties could seek to appeal either the arbitrator's determinations or the court's findings with respect to the arbitrator's determinations.

[9] The arbitrator found that General Statutes § 33-887 does not establish a cause of action, but rather constitutes a means of recovering an award against a dissolved corporation. Thus, the arbitrator determined that there was no justiciable question before him, noting that this claim would be raised in the damages phase of the litigation. The court remanded the question of the arbitrator's designation of this count as nonjusticiable back to the arbitrator, along with the plaintiffs' claims that he failed to consider their defenses.

[10] The plaintiffs cite to three cases in support of this argument: *Janetka* v. *Dabe*, 892 F.2d 187, 190 (2d Cir. 1989); *DeLaurentis* v. *New Haven*, 220 Conn. 225, 597 A.2d 807 (1991); *Economy Petroleum Corp.* v. *Paulauskas*, Superior Court, judicial district of Hartford, Docket No. CV-00-0822116-S (August 1, 2003) (35 Conn. L. Rptr. 347). These cases, however, do not stand for the proposition that a plaintiff may proceed with a vexatious litigation action despite the fact that the underlying litigation remains pending. Rather, these cases hold that a plaintiff, *in limited circumstances*, may proceed with vexatious litigation or malicious prosecution claims when the plaintiff had prevailed on some, but not all, of the claims in the underlying action. In each of these cases, however, the underlying action had terminated fully prior to the plaintiff's commencement of the vexatious litigation or malicious prosecution action. Because the plaintiffs' claims here are not logically

severable, this limited exception to the favorable termination requirement does not apply. Accordingly, the plaintiffs must satisfy the general rule requiring the favorable termination of all of the claims raised in their underlying action prior to proceeding with their vexatious litigation claim.