******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICHARD SCALISE ET AL. *v.* CUMMINGS AND
LOCKWOOD, LLC
(AC 35456)

Alvord, Sheldon and Pellegrino, Js.

*Argued November 14, 2013—officially released February 11, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Peck, J.)

*Kirk D. Tavtigian, Jr.*, for the appellants (plaintiffs).

*John F. Carberry*, with whom, on the brief, was *William N. Wright*, for the appellee (defendant).

*Opinion*

SHELDON, J. The plaintiffs, Richard Scalise and Eleanor Mihailidis, appeal from the judgment of the trial court granting the motion of the defendant, Cummings & Lockwood, LLC, to dismiss the plaintiffs' vexatious litigation action on the ground that the claim therein presented is unripe for adjudication. The plaintiffs argue on appeal that their vexatious litigation action is ripe for adjudication despite the fact that several counts of the complaint in the underlying action remain pending against them, because the favorable termination requirement has been satisfied as to several other underlying claims upon which the vexatious litigation action is based. We disagree with the plaintiffs, and thus affirm the judgment of the court.

The trial court consolidated the present vexatious litigation action with a second vexatious litigation action commenced by the plaintiffs against East Greyrock, LLC, Greyrock at Oysterbend, LLC, and Jerry Effren, both as trustee and in his individual capacity, stemming from the same underlying action. The underlying facts and issue on appeal are identical in both cases.

The plaintiffs' claim was fully addressed and rejected by this court in the companion case of *Scalise* v. *East Greyrock, LLC*, 148 Conn. App. 176,     A.3d     (2014), which was also decided today. That decision therefore is dispositive of the plaintiffs' claim.

The judgment is affirmed.

In this opinion the other judges concurred.

———————————————