# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1029
_____

MARK GACEK and PAMELA
GACEK,

    Appellants,

    v.

AVALON DUNES CONDOMINIUM
OWNERS ASSOCIATION, INC., et
al.,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
Jeffrey E. Lewis, Judge.

March 18, 2026

TREADWELL, J.

Appellants Mark and Pamela Gacek have a history of litigation against their condominium association, Appellee Avalon Dunes Condominium Owners Association, Inc. ("Avalon Dunes"). According to the Gaceks, there have been four prior lawsuits between them. In 2023, the Gaceks filed this latest action against Avalon Dunes to assert claims for malicious prosecution and conspiracy to commit malicious prosecution with respect to one of the prior lawsuits, a 2014 action by Avalon Dunes over unpaid assessments. The trial court dismissed this latest action with prejudice. We affirm.

## I.

As alleged, the Gaceks have owned a condominium at the Avalon Dunes Condominium in Walton County, Florida, since 2001. In late 2014, Avalon Dunes pursued a claim against the Gaceks in Walton County Court for unpaid assessments of $4,027.34. The Gaceks then filed six counterclaims against Avalon Dunes and removed the case to Circuit Court. *See* Case No. 15-CA-51 (Fla. 1st Cir. Ct.) (hereinafter, the "Prior Action").

In that Prior Action, Avalon Dunes successfully moved for summary judgment against the Gaceks' six counterclaims. But with respect to Avalon Dunes' original claim for unpaid assessments, a jury returned a verdict in favor of the Gaceks. In fact, the jury awarded the Gaceks a credit of $14,440.10 due to the discovery of a check from them that Avalon Dunes had deposited but not credited to their account. The Circuit Court entered its final judgment reflecting the credit in favor of the Gaceks.

After prevailing before the jury on the unpaid assessments claim, the Gaceks appealed the adverse summary judgment against their six counterclaims. This Court affirmed the summary judgment without discussion. *Gacek v. Avalon Dunes Condo. Owners Ass'n, Inc.*, 319 So. 3d 1 (Fla. 1st DCA 2021).

## II.

In the present action, the Gaceks bring a claim for malicious prosecution against Avalon Dunes based on the Prior Action. They also bring a claim for civil conspiracy against Avalon Dunes and its account managers, Appellees FirstService Residential Florida, Inc. ("FirstService"), ResortQuest Northwest Florida, LLC, and ResortQuest Real Estate of Florida, LLC (together, "ResortQuest"), for allegedly presenting "false and incorrect" financial evidence to the jury and the court during the Prior Action.

Appellees filed separate motions to dismiss the Gaceks' complaint. Regarding the malicious prosecution claim, the trial court ruled that the Gaceks were not the prevailing party in the Prior Action because the Gaceks "prevailed on only one claim and Avalon Dunes prevailed on all other claims." Regarding the civil conspiracy claim, the trial court ruled that the failure of the

predicate claim for malicious prosecution was fatal to the conspiracy claim, as well. Accordingly, the trial court dismissed the claims with prejudice, explaining that amendment would be futile.[1]

## III.

Whether a complaint sufficiently states a cause of action is a question of law to be reviewed *de novo*. *Air Quality Assessors of Fla. v. Southern-Owners Ins. Co.*, 354 So. 3d 569, 571 (Fla. 1st DCA 2022).

### *A.*

On appeal, the Gaceks contend that it was improper for the trial court to consider the full record from the Prior Action because only certain pleadings were mentioned within the four corners of their complaint. However, the Prior Action itself was referenced and discussed in the complaint, and a trial court may consider documents incorporated by reference into a complaint when ruling on a motion to dismiss. *Air Quality*, 354 So. 3d at 571; *Von Dyck v. Gavin*, 350 So. 3d 842, 844–45 (Fla. 1st DCA 2022). Specifically, the Gaceks alleged how the Prior Action resolved in their favor, thus forming the basis for the malicious prosecution claim here. They also attached the underlying complaint, their answer and affirmative defenses, and the final judgment from the Prior Action to their complaint in this action.

Based on these allegations and attachments, the trial court did not err when it considered the whole judicial record of the underlying Prior Action—including the Gaceks' failed counterclaims—to determine whether their malicious prosecution claim must be dismissed based on that record. *See Southworth & McGill, P.A. v. S. Bell Tel. & Tel. Co.*, 580 So. 2d 628, 631 (Fla. 1st DCA 1991) (noting that documents incorporated into a complaint that negate the pleader's cause of action may be the basis for

---

[1] Because we affirm the trial court's dismissal based on these reasons, we decline to address the trial court's additional reasons for dismissal based on collateral estoppel, the statute of limitations, and the intra-corporate conspiracy doctrine.

dismissal); *see also Duncan v. Prudential Ins. Co.*, 690 So. 2d 687, 688 (Fla. 1st DCA 1997) (affirming dismissal where the appellant had "specifically incorporated the previous proceedings into her complaint by reference").

The Gaceks' reliance on *Kest v. Nathanson*, 216 So. 2d 233 (Fla. 4th DCA 1968), is unavailing. In *Kest*, the trial court not only took judicial notice of the underlying action but also drew a factual inference in favor of the defendant on whether the underlying action was supported by probable cause, thereby defeating the malicious prosecution claim. *Id.* at 234–36. Here, the trial court did not make any inferences in favor of Appellees with respect to the underlying record in the Prior Action.

*B.*

The Gaceks also argue that their counterclaims in the Prior Action are irrelevant to this action. They contend that because judgment was entered in their favor *on the sole claim* originally brought by Avalon Dunes in the Prior Action, their malicious prosecution claim survives here based on that singular claim, irrespective of their unsuccessful counterclaims.

According to the Florida Supreme Court, one of the required elements of a claim for malicious prosecution is that the underlying "proceeding" must have terminated "in favor of the present plaintiff." *Debrincat v. Fischer*, 217 So. 3d 68, 70 (Fla. 2017) (quoting *Alamo Rent–A–Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994)). In context, the word "proceeding" refers to the entire underlying action or lawsuit—not merely one cause of action within it. *See Tatum Bros. Real Est. & Inv. Co. v. Watson*, 109 So. 623, 626 (Fla. 1926) ("An action for malicious prosecution is an action in tort to recover damages for the institution, maliciously and without probable cause, of *a suit* which has terminated in favor of the defendant therein." (emphasis added)). Indeed, the terms "proceeding," "action," and "suit" are largely synonymous. *See Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 310 (Fla. 2017) (Lawson, J., concurring) ("[T]he word 'action' refers to an entire judicial proceeding or suit, whereas a 'cause of action' refers to an individual claim.").

4

To be sure, the Florida Supreme Court in *Warriner v. Burdines, Inc.* rejected an attempt to "isolate one count and base an action for malicious prosecution upon it." 93 So. 2d 108, 109 (Fla. 1957). It affirmed, as a matter of law, that a claim for malicious prosecution does not lie where the plaintiff lost on one of the counts in the underlying action. *Id.* at 109–10. Accordingly, we conclude that a plaintiff must show a favorable termination of all claims in an underlying action, not merely a favorable outcome on the claim that the plaintiff alleges was maliciously prosecuted. *See* Restatement (Third) of Torts § 24 cmt. e (A.L.I. 2020) ("The defendant in the original litigation may prevail on some claims but not on others. That outcome generally does not amount to favorable termination.").

Other states have concluded similarly. *See, e.g.*, *Citizens of Humanity, LLC v. Ramirez*, 277 Cal. Rptr. 3d 501, 510 (Cal. Ct. App. 2021) ("[F]avorable termination requires favorable resolution of the underlying action in its entirety, not merely a single cause of action."); *Teefey v. Cleaves*, 73 S.W.3d 813, 817 (Mo. Ct. App. 2002) (quoting *Joseph H. Held & Assoc., Inc. v. Wolff,* 39 S.W.3d 59, 63 (Mo. Ct. App. 2001) ("To allow a party to separate the unsuccessful claims from the successful claims in the underlying proceeding and bring a malicious prosecution action on the unsuccessful ones would invite a multitude of unwarranted litigation . . . ."); *see also Gordon v. Tractor Supply Co.*, No. M201501049COAR3CV, 2016 WL 3349024, at *7 n.5 (Tenn. Ct. App. June 8, 2016); *Scalise v. E. Greyrock, LLC*, 85 A.3d 7, 13 (Conn. App. Ct. 2014).[2] Alaska recently applied the favorable termination requirement to the underlying counterclaims, as well. *Griffith v. Hemphill*, 566 P.3d 932, 940-42 (Alaska 2025).

---

[2] *But see, e.g.*, *Peterson v. Underwood*, 220 P.3d 1158, 1164 (Okla. Civ. App. 2008) (allowing a malicious prosecution claim on a single, underlying claim, regardless of who prevailed on other underlying claims); *Cuthrell v. Zayre of Virginia, Inc.*, 201 S.E.2d 779, 780 (Va. 1974) (allowing a malicious prosecution claim based on an underlying criminal count that was dismissed, even though the plaintiff was convicted under another count).

Such a requirement to prevail on all claims is especially important in a case like this where the Gaceks filed numerous counterclaims that expanded the underlying action. The Florida Supreme Court long ago explained that "[t]he gist of the [malicious prosecution] action is that [a] plaintiff has been improperly made the subject of legal process resulting in his damage." *Tatum Bros.*, 109 So. at 626. It would be an odd result if a plaintiff could expand the legal process in the underlying action and then recover damages suffered from that process, without prevailing in its entirety. Here, the Gaceks greatly multiplied the scope of the Prior Action in pursuit of their six counterclaims. Having lost on the majority of that Prior Action, including all their counterclaims, they cannot seek damages for the legal process they in part created.

For these reasons, we conclude that the Gaceks failed to plausibly allege a claim for malicious prosecution, because the Prior Action did not terminate in their favor due to their own failed counterclaims. As in *Warriner*, the Gaceks are wrongly attempting to pursue a malicious prosecution claim by "present[ing] but half the transaction by which [they were] so sorely aggrieved." 93 So. 2d at 109.

## C.

Next, the parties appear to recognize that the civil conspiracy claim fails if the underlying malicious prosecution claim fails. After all, "[t]he gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy." *Philip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n.9 (Fla. 2015) (quoting *Loeb v. Geronemus,* 66 So. 2d 241, 243 (Fla. 1953)). For that reason, Florida law "does not recognize civil conspiracy as a freestanding tort." *Banco de los Trabajadores v. Cortez Moreno*, 237 So. 3d 1127, 1136 (Fla. 3d DCA 2018) (citing *SFM Holdings Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1338–39 (11th Cir. 2014)). The conspiracy "is inextricably linked with the underlying tort." *Id*.

Accordingly, because the claim for malicious prosecution was properly dismissed, the Gaceks cannot sustain a claim for conspiracy to commit malicious prosecution. *See Weisman v. S. Wine & Spirits of Am., Inc.*, 297 So. 3d 646, 652 (Fla. 4th DCA

6

2020); *Buchanan v. Miami Herald Publ'g Co.*, 206 So. 2d 465, 469 (Fla. 3d DCA 1968), *modified*, 230 So. 2d 9 (Fla. 1969). Thus, the trial court did not err by dismissing the conspiracy claim.

### D.

Finally, the Gaceks challenge the trial court's dismissal of their action with prejudice. "Dismissal of a complaint with prejudice should only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action." *Fla. Nat'l Org. for Women, Inc. v. State*, 832 So. 2d 911, 915 (Fla. 1st DCA 2002) (quoting *Undereducated Foster Child. of Fla. v. Fla. Senate*, 700 So. 2d 66, 67 (Fla. 1st DCA 1997)). In other words, leave to amend may be denied where the proposed amendment would be futile. *Id.*

As explained above, this action is properly dismissed because the Prior Action did not terminate in favor of the Gaceks. The clear record in that Prior Action will not change based on additional allegations here. In other words, there is no possible way for the Gaceks to amend their complaint to plausibly state a cause of action based on that Prior Action. Therefore, amendment would be futile, and the trial court properly dismissed this action with prejudice.

AFFIRMED.

WINOKUR and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Christine Riley Davis of Davis Appeals, PLLC, St. Petersburg, for Appellants.

7

Lissette Gonzalez, Michael Brian Kelly, and Kayla Nicole Ryan of Cole, Scott & Kissane, P.A., Miami, for Appellee FirstService Residential Fla., Inc.

Scott David Stevens of Starnes Davis Florie, LLP, Mobile, Alabama, for Appellee Avalon Dunes Condominium Owners Association, Inc.

Sara Kay Grover and Benjamin Chase Patton of McRae & Metcalf, P.A., Tallahassee, for Appellee ResortQuest Real Estate of Fla., LLC.