******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMBER DECHELLIS *v.* ANTHONY DECHELLIS
(AC 40108)

Elgo, Moll and Bear, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgments of the trial court granting the plaintiff's motion to confirm an arbitration award and denying his motion to vacate in part that award, which, inter alia, awarded the plaintiff attorney's fees related to work performed by her attorneys, T and C, on certain postjudgment motions. *Held*:

1. This court declined to review the defendant's claim, raised for the first time on appeal, that the trial court improperly confirmed the award of attorney's fees incurred by T in complying with a certain order of the arbitrator, which the defendant claimed did not conform to the arbitration submission approved by the court; the defendant did not distinctly or even functionally raise that claim before the court, where he, instead, argued that the award of attorney's fees related to T's efforts to comply with the arbitrator's order should be vacated because there was insufficient evidence to support T's claims for fees and because the arbitrator had made certain evidentiary errors, and, therefore, the claim was not preserved.

2. The defendant could not prevail on his unpreserved claim that the court committed plain error in denying his motion to vacate in part the arbitration award, which was based on his claim that the arbitrator's award of attorney's fees to C violated public policy and did not conform to the arbitration submission approved by the court; the defendant's claim, which differed from his claim in the trial court that the evidence established that C was not owed the amount he sought, did not present an extraordinary situation in which the alleged error was so plain and obvious as to affect the fairness and integrity of and public confidence in the judicial proceedings or result in manifest injustice, especially given that the defendant's counsel expressly agreed at the arbitration hearing to permit the arbitrator to resolve the dispute relating to C's claim for attorney's fees, even though the parties had not included that issue in the arbitration agreement as one to be submitted to and decided by the arbitrator.

3. This court declined to review the defendant's claim that the court improperly confirmed the award of attorney's fees associated with T's work on certain motions to reargue the underlying judgment, which award the defendant claimed was contrary to the terms of the dissolution judgment that required each party to bear their own fees and costs; the defendant failed to raise the claim that the award contravened the dissolution judgment before the court, where he, instead, argued that the arbitrator had improperly based that award on the parties' current finances rather than their finances at the time of the dissolution.

4. This court declined to exercise its supervisory authority over the administration of justice to reverse the trial court's approval of the agreement to arbitrate the plaintiff's motion for attorney's fees and to provide guidance to the trial courts regarding the proper application of the statute (§ 46b-66 [c]) governing the procedure to be followed when the parties in a dissolution proceeding agree to binding arbitration, as this case did not present a rare circumstance where traditional protections were inadequate to ensure the fair and just administration of the courts.

Argued January 2—officially released June 25, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Schofield, J.*; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Emons, J.*,

approved the agreement of the parties to enter into binding arbitration as to certain postjudgment motions; subsequently, the arbitrator issued an award and entered certain orders; thereafter, the court, *Tindill, J.*, granted the plaintiff's motion to confirm the arbitration award and denied the defendant's motion to vacate in part the award, and the defendant appealed to this court. *Affirmed.*

*Charles D. Ray*, with whom was *Brittany A. Killian*, for the appellant (defendant).

*Peter J. Zarella*, with whom, on the brief, was *Gary I. Cohen*, for the plaintiff (appellee).

*Opinion*

ELGO, J. In this postdissolution matter, the defendant, Anthony DeChellis, appeals from the judgments of the Superior Court granting the motion of the plaintiff, Amber DeChellis, to confirm the arbitration award and denying his motion to vacate that award in part. On appeal, the defendant claims that: (1) the court improperly confirmed the award of attorney's fees because, to the extent that it was based on the efforts of Louise Truax, one of the plaintiff's attorneys, to comply with the orders of the arbitrator, the award does not conform to the submission; (2) the award of attorney's fees to Gary Cohen, another of the plaintiff's attorneys, does not conform to the submission and violates public policy because the court never approved an agreement to arbitrate Cohen's fees pursuant to General Statutes § 46b-66 (c); (3) the court improperly confirmed the award of attorney's fees related to motions to reargue the underlying judgment because the arbitrator exceeded his powers by issuing an award that was contrary to the dissolution judgment, which specified that each party should bear its own fees and costs, and thereby "effectively undid the carefully crafted financial mosaic rendered by the [dissolution] court in the underlying dissolution"; and (4) we should invoke our supervisory authority to provide guidance to the trial courts with respect to the proper application of § 46b-66 (c) and reverse the court's approval of the parties' agreement to arbitrate the plaintiff's motion for counsel fees, dated March 19, 2014. In response, the plaintiff contends that the defendant has not preserved any of the claims he raises on appeal and that our use of supervisory authority is not warranted in this case. We agree with the plaintiff and, therefore, affirm the judgments of the court.

The following facts and procedural history are relevant to this appeal. The parties' marriage was dissolved in January, 2009. In its memorandum of decision, the dissolution court determined that "[e]ach party will be responsible for their own counsel and expert fees." The parties subsequently engaged in extensive postjudgment litigation and, beginning in 2012, voluntarily entered into written agreements to arbitrate certain disputes.[1] Among the issues the parties submitted to arbitration were their respective requests for postjudgment attorney's fees. Specifically, the plaintiff submitted two motions for attorney's fees to the arbitrator, and the defendant submitted one motion for attorney's fees to the arbitrator. The only motion for attorney's fees relevant to this appeal is the plaintiff's March 19, 2014 motion, signed by Truax, which stated: "The plaintiff respectfully represents that this court award her a reasonable sum of counsel fees, postjudgment, for fees already incurred by her and to be incurred by her as a result of the various postjudgment motions."

On September 22, 2016, the arbitrator issued his decision on the motions for postjudgment attorney's fees. The arbitrator granted the plaintiff's March 19, 2014 motion for attorney's fees in part, awarding the plaintiff $444,116.17 in attorney's fees incurred by her for services rendered by Truax and Cohen. The arbitrator referred to the court the consideration of certain additional attorney's fees claims. On September 23, 2016, the plaintiff filed in the court a motion to confirm the arbitration award, and on September 30, 2016, the defendant filed a motion to vacate that award in part. The court held a hearing on November 7, 2016, and thereafter granted the plaintiff's motion to confirm the arbitration award and denied the defendant's motion to vacate that award in part. This appeal followed.

I

The defendant first claims that the court improperly confirmed the award of attorney's fees related to Truax' efforts to comply with the orders of the arbitrator because the award does not conform to the submission. In response, the plaintiff contends that the defendant has not preserved that claim on appeal. We agree with the plaintiff.

The following additional facts are relevant to this claim. On September 8, 2015, the arbitrator sent an e-mail to the parties' counsel stating that they "must specifically apportion in their affidavits for counsel fees attribution of fees to specific motions, by title date and number, for which any party seeks an award" (arbitrator's order). On December 1, 2015, Truax submitted an affidavit of attorney's fees postjudgment. During the arbitration hearing, the defendant's counsel objected when the plaintiff's counsel sought to admit Truax' December 1, 2015 affidavit into evidence because it did not comport with the arbitrator's order. The parties' counsel disagreed as to whether they had reached an agreement modifying the arbitrator's order. On the basis of that dispute, the arbitrator gave counsel "an opportunity to submit whatever documents that they wish to submit and specifically referencing affidavits which comport with this [September 8, 2015] order within two weeks." Subsequently, Truax submitted seventy-two affidavits of attorney's fees in an attempt to comply with that order. Those fees included time related to her efforts to comply with the arbitrator's order.

In his posthearing brief submitted to the arbitrator, the defendant argued that it was evidentiary error for the arbitrator to allow the plaintiff to submit additional affidavits and that the arbitrator did not have a proper record to make an award based on those affidavits. The defendant did not argue that the award of fees relating to Truax' efforts to comply with the arbitrator's order failed to conform to the submission.

In his decision, the arbitrator, inter alia, granted in

part the plaintiff's motion for attorney's fees in the amounts of $37,985.22 and $73,730 on the basis of two of Truax' affidavits. The arbitrator concluded that "Truax expended [these] fees in furtherance of the [September 8, 2015] order of the arbitrator, which provided the arbitrator with the ability to parse with precision the fees appropriately recoverable. . . . The arbitrator [found] that the evidence presented by the plaintiff [was] credible and that she met her evidentiary burden of the reasonableness of the fees requested."

In his motion to vacate the arbitration award in part, the defendant argued that the arbitrator engaged in evidentiary misconduct in awarding these fees.[2] Specifically, the defendant argued that the arbitrator relied on affidavits that included claims for prior proceedings not before the arbitrator, that there was insufficient evidence presented to support the fee claims, and that the arbitrator improperly allowed Truax two weeks to prepare additional affidavits and improperly admitted those affidavits into evidence. The defendant made no claim that the award of these fees should be vacated because they did not conform to the submission.[3]

On appeal to this court, the defendant argues that the arbitrator's award of these fees should be vacated because the award did not conform to the submission due to the fact that the parties did not submit to the arbitrator the issue of fees incurred by Truax in her efforts to comply with the arbitrator's order. The plaintiff contends that the defendant has not preserved that claim on appeal. In his appellate reply brief, the defendant provides various reasons why this court should review his claim on appeal.[4] We are not persuaded.

"It is fundamental that claims of error must be distinctly raised and decided in the trial court. . . . Our rules of practice require a party, as a prerequisite to appellate review, to distinctly raise such claims before the trial court. Practice Book § 60-5; see Practice Book § 5-2 ([a]ny party intending to raise any question of law which may be the subject of an appeal must . . . state the question distinctly to the judicial authority); see also *Remillard* v. *Remillard*, 297 Conn. 345, 351, 999 A.2d 713 (2010) (raised distinctly means party must bring to attention of trial court precise matter on which decision is being asked). As our Supreme Court has explained, [t]he reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . For that reason, Connecticut appellate courts generally will not address issues not decided by the trial court." (Citations omitted; internal quotation marks omitted.) *21st Century North America Ins. Co.* v. *Perez*, 177 Conn. App. 802, 819–20, 173 A.3d 64 (2017), cert. denied, 327 Conn. 995,

175 A.3d 1246 (2018).

"It is true that our appellate courts occasionally have expressed a willingness to review claims that a party did not explicitly raise to the trial court if it is clear from the record that the substance of the claim was raised." (Internal quotation marks omitted.) *McMahon* v. *Middletown*, 181 Conn. App. 68, 76–78, 186 A.3d 58 (2018). "[A]lthough a party need not use the term of art applicable to the claim, or cite to a particular statutory provision or rule of practice to functionally preserve a claim, he or she must have argued the underlying principles or rules at the trial court level in order to obtain appellate review." *State* v. *Santana*, 313 Conn. 461, 468, 97 A.3d 963 (2014), cert. denied sub nom. *Anderson* v. *Semple*,      U.S.     , 135 S. Ct. 1453, 191 L. Ed. 2d 403 (2015).

On the basis of our review of the record, we cannot fairly say that the defendant's claim on appeal was raised distinctly, or even functionally, before the court. The defendant correctly points out that he had argued before the court that these fees were improperly awarded. As we have addressed, the defendant raised before the court various issues he had with the arbitrator's evidentiary rulings and the arbitrator's reliance on certain evidence. He also directs our attention to the court's acknowledgment of the alternative argument he raised before the court that if the court found that the arbitration agreement was an unrestricted submission, it should vacate the award. In making that argument, however, the defendant specifically asserted that the award did not conform to the submission because, by leaving the decision as to certain attorney's fees awards to the court, the arbitrator "fail[ed] to fully address the issue submitted . . . ." See footnote 3 of this opinion. We cannot conclude that, by making these arguments before the court, the defendant argued the underlying principles of the claim he now raises on appeal. In the proceeding below, neither the court nor the plaintiff was apprised of the claim he makes on appeal before this court that these particular fee awards did not conform to the submission because they were "not included in the parties' arbitration agreement and the [court] never approved any agreement to arbitrate the issue of fees incurred in an effort to comply with the [arbitrator's order]." Accordingly, the defendant's claim is not preserved.

II

The defendant next argues that the award of Cohen's attorney's fees does not conform to the submission and violates public policy because the court never approved an agreement to arbitrate Cohen's fees pursuant to § 46b-66 (c).[5] In response, the plaintiff again contends that the defendant has not preserved this claim on appeal. Because the record reveals that the defendant agreed at the arbitration hearing to have Cohen's fees

resolved by the arbitrator and did not assert before the court the claim he now raises on appeal, we agree with the plaintiff that this claim is not preserved.

The following additional facts are relevant to this claim. The plaintiff filed with the court a postjudgment motion for attorney's fees dated November 13, 2015, signed by Cohen,[6] which was not included in the operative arbitration agreement as a motion to be decided by the arbitrator. Before the arbitrator, the defendant's counsel articulated an agreement reached by the parties' counsel to have the arbitrator consider Cohen's motion. The defendant's counsel stated: "It is not part of the third amended arbitration agreement. But I believe that we have an agreement of counsel that we would proceed on that because we would like to avoid a duplication of effort." Cohen provided the following recitation for the record: "So may we have a specific recitation so there's no confusion on the record? That . . . Truax' claim for counsel fees is within the scope of the arbitration and now before the arbitrator; [counsel for the defendant's] motion for counsel fees on behalf of the defendant is within the scope of the arbitration and now before the arbitrator; my motion for counsel fees is now by stipulation within the scope of the arbitration and before the arbitrator. Might I ask if we can have a verbal assent to that recitation so the record is clear?" The defendant's counsel and Truax agreed with Cohen's recitation.[7] Pursuant to this agreement, the arbitrator granted Cohen's request for attorney's fees under the plaintiff's motion for attorney's fees postjudgment, dated March 19, 2014.[8]

Before the court, the defendant never claimed that the award of Cohen's fees did not conform to the submission or that the award violated public policy. Instead, as he acknowledges in his appellate brief, the defendant had argued "that the evidence established that Attorney Cohen was not owed the amount he sought." The record reveals that the defendant presented nothing before the court to demonstrate that his current claim, that the award does not conform to the submission and that it violates public policy, was distinctly or even functionally raised before the court. See *21st Century North America Ins. Co.* v. *Perez*, supra, 177 Conn. App. 819 ("[i]t is fundamental that claims of error must be distinctly raised and decided in the trial court" [internal quotation marks omitted]); *State* v. *Santana*, supra, 313 Conn. 468 ("[an appellant] must have argued the underlying principles or rules at the trial court level in order to obtain appellate review"). Accordingly, the defendant's claim is not preserved.

The defendant argues that this court should nonetheless review this claim under the plain error doctrine. "[The plain error] doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although

unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . Implicit in this very demanding standard is the notion . . . that invocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review. . . . [Thus, an appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . .

"[Our Supreme Court has] clarified the two step framework under which we review claims of plain error. First, we must determine whether the trial court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . [T]his inquiry entails a relatively high standard, under which it is not enough for the [defendant] simply to demonstrate that his position is correct. Rather, [to prevail] the party [claiming] plain error [reversal] must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal. . . .

"In addition, although a clear and obvious mistake on the part of the trial court is a prerequisite for reversal under the plain error doctrine, such a finding is not, without more, sufficient to warrant the application of the doctrine. Because [a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice . . . under the second prong of the analysis we must determine whether the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust. . . . Only if both prongs of the analysis are satisfied can the appealing party obtain relief." (Internal quotation marks omitted.) *In re Sydnei V.*, 168 Conn. App. 538, 562–64, 147 A.3d 147, cert. denied, 324 Conn. 903, 151 A.3d 1289 (2016).

The defendant has demonstrated neither that the court made a plain and obvious error nor that the failure to grant relief will result in manifest injustice, particu-

larly when the defendant agreed to permit the arbitrator to resolve this issue relating to Cohen's claim for attorney's fees. Accordingly, we decline the defendant's request to reverse the court's judgments pursuant to the plain error doctrine.

### III

The defendant also argues that the court improperly confirmed the award of attorney's fees related to motions to reargue the underlying judgment because the arbitrator exceeded his powers by issuing an award that was contrary to the dissolution judgment, which specified that each party should bear their own fees and costs, and the arbitrator thereby "effectively undid the carefully crafted financial mosaic rendered by the [dissolution] court in the underlying dissolution."[9] In response, the plaintiff contends that the defendant has not preserved this claim. We agree with the plaintiff.

The following additional facts are relevant to this claim. During the arbitration hearing, Truax submitted an affidavit of attorney's fees for fees incurred related to the plaintiff's postjudgment motion to reargue, correct, clarify and/or articulate the judgment (plaintiff's postjudgment motion to reargue) and the defendant's postjudgment motion to open, reargue and clarify (defendant's postjudgment motion to reargue).[10] The requested fees amounted to $301,316.55.

In the defendant's memorandum on the attorney's fees motions, which was submitted to the arbitrator prior to the issuance of his decision, the defendant did not argue that the arbitrator would exceed his authority and unravel the financial mosaic if he awarded the plaintiff these fees. Instead, the defendant argued that the plaintiff did not provide evidence to show that she lacked sufficient assets to pay her own fees and that it would be inequitable for the defendant to have to pay the plaintiff's fees.

In his decision, the arbitrator, inter alia, granted the plaintiff the $301,316.55 in attorney's fees pursuant to her March 19, 2014 motion for attorney's fees. In granting the award of fees, the arbitrator reasoned: "The plaintiff's financial affidavit dated June 21, 2016 discloses assets of $2,194,827. The fee award requested represents 13.72 percent of the plaintiff's total assets awarded to her pursuant to the dissolution of marriage judgment and arbitration orders. The plaintiff's request for Attorney Truax' counsel fees is granted. . . . The arbitrator finds that the evidence presented by the plaintiff is credible and she met her evidentiary burden of the reasonableness of the fees requested." (Citation omitted.)

The defendant asserts that, before the court, he had "moved to vacate the award based in part because the arbitrator had exceeded his authority and in part because the arbitrator had refashioned the trial court's

financial mosaic." The defendant, however, mischaracterizes the argument he made to the court. He points our attention to specific language he used without acknowledging the context in which it was used.[11] In his motion to vacate the arbitration award in part, the defendant argued that this fee award should be vacated because the arbitrator engaged in misconduct in various ways. Specifically, he argued that the arbitrator improperly based the award of fees on the current finances of the parties, rather than on the finances of the parties at the time of the dissolution.[12] On appeal, however, the defendant argues that the arbitrator should not have awarded fees at all and that doing so was in contravention of the dissolution judgment.

Accordingly, we simply cannot conclude that the underlying principles of the defendant's claim on appeal were argued before the court. See *21st Century North America Ins. Co.* v. *Perez*, supra, 177 Conn. App. 819 ("[i]t is fundamental that claims of error must be distinctly raised and decided in the trial court" [internal quotation marks omitted]); *State* v. *Santana*, supra, 313 Conn. 468 ("[an appellant] must have argued the underlying principles or rules at the trial court level in order to obtain appellate review"). The defendant's claim is, thus, not preserved.

IV

Finally, the defendant claims that we should invoke our supervisory authority to provide guidance to the trial courts regarding the proper application of § 46b-66 (c)[13] and, in so doing, reverse the court's approval of the parties' agreement to arbitrate the plaintiff's motion for attorney's fees, dated March 19, 2014. In response, the plaintiff contends that the use of our supervisory authority is not warranted in this case. We decline to exercise our supervisory authority in the present case.

"Supervisory authority is an extraordinary remedy that should be used sparingly . . . . Although [a]ppellate courts possess an inherent supervisory authority over the administration of justice . . . [that] authority . . . is not a form of free-floating justice, untethered to legal principle. . . . Our supervisory powers are not a last bastion of hope for every untenable appeal. They are an extraordinary remedy to be invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole. . . . Constitutional, statutory and procedural limitations are generally adequate to protect the rights of the defendant and the integrity of the judicial system. Our supervisory powers are invoked only in the rare circumstance [in which] these traditional protections are inadequate to ensure the fair and just administration of the courts.

. . . Overall, the integrity of the judicial system serves as a unifying principle behind the seemingly disparate use of our supervisory powers. . . . Thus, we are more likely to invoke our supervisory powers when there is a pervasive and significant problem . . . or when the conduct or violation at issue is offensive to the sound administration of justice . . . .'' (Internal quotation marks omitted.) *State* v. *Fuller*, 158 Conn. App. 378, 392, 119 A.3d 589 (2015). This is not such a case. Accordingly, we decline the defendant's invitation to exercise our supervisory authority in the present case.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] Their initial arbitration agreement was signed on August 6, 2012. It subsequently was amended by agreements dated January 28, 2013, May 12, 2014, and July 30, 2014. Each arbitration agreement was approved by the court.

[2] We note that the defendant argued that the arbitrator committed misconduct pursuant to the arbitration agreement and General Statutes § 52-418 (a) (3). Section 52-418 (a) (3) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award . . . if the arbitrators have been guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced . . . ." Although the defendant does not make clear how § 52-418 (a) (3) supports his claim of evidentiary misconduct, we note that the record contains no evidence that the arbitrator refused to hear evidence.

[3] The defendant did argue in his reply to the plaintiff's objection to his motion to vacate the arbitration award in part that if the court found that the arbitration agreement was an unrestricted submission, it should find that the award failed to conform to the submission because the arbitrator ordered that the resolution of some of the attorney's fees claims were referred to the court.

At the November 7, 2016 hearing before the court, the defendant's counsel again made that argument. After the defendant's counsel argued that the arbitration agreement was a restricted submission, the following colloquy occurred:

"The Court: And you have the alternative argument that even if I find— I don't find that argument compelling, that even if I find it to be unrestricted, I should vacate it because it didn't—it didn't conform to the submission. Okay.

"[The Defendant's Counsel]: It didn't—it didn't comply with the submission, and that—

"The Court: Okay.

"[The Defendant's Counsel]: —and that is the issue of where he exceeded his jurisdiction.

"The Court: Yes.

"[The Defendant's Counsel]: Just the very fact that we did have to come back to Your Honor at the arbitrator's request to resolve the issue of whether the interest and some of the other issues that—that were raised by plaintiff's counsel were included in the arbitration, makes it clear that—that he knew that he was bound by the law, he was bound by the rules of evidence and he was bound by the arbitration agreement. So this isn't a free-floating free-for-all where the parties just hope to mediate this or—or try to, you know, come to some agreement. This was—this was a very rigid and carefully crafted arbitration agreement."

[4] In particular, the defendant argues that this court should review this claim because: (1) he raised before the court the argument that these fees were improperly awarded; (2) at the hearing before the court, the court mentioned his "alternative argument"; see footnote 3 of this opinion; that if it determined that the arbitration was an unrestricted submission, it should vacate the award because the award did not conform to the submission and, in its decision, the court found that the award conforms to the submission; (3) the argument was functionally raised before the court; (4) the plaintiff would not be prejudiced if the claim is reviewed; (5) "the court approval requirements of [General Statutes] § 46b-66 (c) have not previously been addressed by either this court or the Supreme Court and the issue presents

a matter of important public policy"; and (6) the issue is one of law and this court's review is plenary.

[5] General Statutes § 46b-66 (c) provides: "The provisions of chapter 909 [General Statutes § 52-408 et seq.] shall be applicable to any agreement to arbitrate in an action for dissolution of marriage under this chapter, provided (1) an arbitration pursuant to such agreement may proceed only after the court has made a thorough inquiry and is satisfied that (A) each party entered into such agreement voluntarily and without coercion, and (B) such agreement is fair and equitable under the circumstances, and (2) such agreement and an arbitration pursuant to such agreement shall not include issues related to child support, visitation and custody. An arbitration award in such action shall be confirmed, modified or vacated in accordance with the provisions of chapter 909."

[6] The motion stated: "The plaintiff in the above-captioned matter respectfully represents that she is without sufficient liquid assets or income with which to pay her reasonable counsel fees. The plaintiff further represents that the defendant has sole control over the parties' marital assets, and that the defendant has circumvented the plaintiff's entitlement to equitable distribution, and to her entitlement to alimony and child support. WHEREFORE, the plaintiff respectfully moves the court to order the defendant to pay a reasonable sum as and for her counsel fees in accordance with [General Statutes] § 46b-62. The plaintiff requests such other and further relief to which she may be entitled in law or equity."

[7] Truax added: "The only thing that I would add is that part of the arbitration order is that everything that happens here is confidential and that, therefore, the transcript is confidential. I would ask that everybody agree that if anybody takes a position otherwise in court to try to challenge the scope, that that part of the transcript not be confidential." The defendant's counsel and Cohen agreed to that request.

[8] During the arbitration, when Cohen submitted the affidavit for his attorney's fees, the arbitrator opined that Cohen's motion fell within the plaintiff's motion for counsel fees postjudgment, dated March 19, 2014. The following colloquy occurred:

"Attorney Cohen:  . . . I would like to submit my affidavit with counsel fees in connection with my motion for fees under [§] 46b-62.

"[The Defendant's Counsel]: I object. I think we should finish this motion first and do that—

"Attorney Cohen: It is part of this motion. Motion for counsel fees.

"[The Defendant's counsel]: This is Attorney Truax' motion.

"The Arbitrator: Well, that's interesting. Well, that doesn't mean that Attorney Cohen's submission is precluded because this reference—this does not limit the request for an award in connection only to Attorney Truax' fees. This is the plaintiff's motion for counsel fees."

[9] The defendant also argues that the award of attorney's fees related to the motions to reargue the underlying judgment should be vacated because the award does not conform to the submission. As we discussed in part I of this opinion, the defendant argued before the court that if it found that the arbitration agreement was an unrestricted submission, it should vacate the award because, by leaving decision as to some attorney's fees awards to the court, the arbitrator "fail[ed] to fully address the issue submitted" and the award, therefore, did not conform to the submission.

We cannot conclude that the defendant, by making that argument before the court, argued the underlying principles of the claim he now raises on appeal, in which he argues that the award of these fees does not conform to the submission because "those fees were incurred based on both parties' efforts to change the [dissolution] judgment entered . . . in January, 2009, and, therefore, were not 'postjudgment' motions as contemplated by the parties' arbitration agreement or by the [court's] approval of that agreement." Accordingly, the defendant's claim that the award of these fees does not conform to the submission is not preserved. See *21st Century North America Ins. Co.* v. *Perez*, supra, 177 Conn. App. 819 ("[i]t is fundamental that claims of error must be distinctly raised and decided in the trial court" [internal quotation marks omitted]); *State* v. *Santana*, supra, 313 Conn. 468 ("[an] appellant] must have argued the underlying principles or rules at the trial court level in order to obtain appellate review").

[10] We note that both motions to reargue were included within the operative arbitration agreement as issues submitted to the arbitrator, "with the exception of those issues related to the parenting plan, which are specifically excluded from the arbitration . . . ."

[11] In his appellate reply brief, the defendant argues that this court should

review his claim on appeal because various sentences included in his application to vacate the arbitration award in part place the claim properly before this court. Specifically, the defendant contends that, within his motion to vacate the arbitration award in part, he "clearly invokes both the 'American Rule' regarding attorney's fees, as well as the [dissolution] court's order that '[e]ach party will be responsible for their own counsel and expert fees.' " He asserts that he also had "noted that in rendering his decision on equitable distribution of the marital assets, the arbitrator made clear that he was not refashioning the orders of the [dissolution] court."

Finally, the defendant points out that he had stated in his motion to vacate the arbitration award in part that any "obligation to pay the plaintiff's counsel fees would improperly undermine the original financial orders in the judgment of divorce, which the arbitrator . . . definitively stated he was not altering." For context, this statement is located within a paragraph of the defendant's motion to vacate the arbitration award in part, which provides in its entirety: "Instead, the award of fees must be considered in the context of the original judgment of dissolution, and the parties resulting financial circumstances. The plaintiff failed to present sufficient evidence for the arbitrator to enter a properly supported decision in that context. To the extent there was any such evidence, the financial affidavits of the parties at the time of [the dissolution] trial showed that the marital estate at the time of dissolution was between $4,000,000 [and] $5,000,000 in total. The [dissolution] court's intention in its judgment was to divide that estate 50/50. Pursuant to the arbitrator's orders on equitable distribution, the plaintiff had recently received more than $2,000,000. The evidence demonstrated that the defendant has shouldered significant counsel fees of his own regarding this issue, and the combination of his fees and an obligation to pay the plaintiff's counsel fees would improperly undermine the original financial orders in the judgment of divorce, which the arbitrator has definitively stated he was not altering. See *Fitzgerald* v. *Fitzgerald*, 190 Conn. 26, 34 [459 A.2d 498] (1983) (court's decision regarding attorney's fees should not undermine its purpose in making any other financial award)."

[12] In his application to the court to vacate the arbitration award in part, the defendant had also argued that the arbitrator could not base the award of fees on the present finances of the parties because the evidence presented was insufficient as to what the plaintiff's current finances were. He further argued that the plaintiff's description of the fees left the arbitrator with insufficient evidence on which he could base the fee award.

[13] See footnote 5 of this opinion.